IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIBREEL FRAZIER, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-0264 |
| : | |
| TRANSUNION LLC, : | |
|     Defendant. : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                    **FEBRUARY 5, 2024**

      Plaintiff Jibreel Frazier initiated this civil action by filing a *pro se* Complaint against TransUnion LLC ("TransUnion"). Frazier's Complaint raises claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Frazier *in forma pauperis* status and dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Frazier will be given an opportunity to file an amended complaint in the event he can cure the deficiencies identified by the Court.

**I.    FACTUAL ALLEGATIONS**

      Frazier claims that he notified TransUnion of "inaccurate and/or incomplete information being reported on his credit report," and that TransUnion failed to properly investigate, correct the information, and timely respond to his disputes. (Compl. at 3, 8.)[1] Specifically, Frazier alleges that on or about December 8, 2023, he sent TransUnion "multiple notices disputing multiple accounts via First Class Mail." (*Id.* at 7.) He contends that he sent notifications

---

[1] Frazier submitted a form complaint, along with an additional document titled "Complaint." The Court will consider these documents together to constitute Frazier's Complaint. (*See* ECF No. 2 at 1-16.) The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

regarding the following accounts: Self-Financial, First Premier, First Progress, First Blaze, Rental Kharma, Credit Acceptance, Connexus Credit Union, and Capital One. (*Id.* at 8-9.) According to Frazier, TransUnion received these notices on or about December 11, 2023, and "allegedly started an investigation." (*Id.* at 7.) Frazier asserts that TransUnion failed to complete an investigation with respect to the accounts, and that as of January 18, 2024, he had not received a determination of investigation. (*Id.* at 7, 9.) He claims that "it's not possible TransUnion conducted a reasonable investigation given they failed to do the following: provide a file upon request, update account information, while blatantly violating the [FCRA] after receiving multiple disputes from Plaintiff." (*Id.* at 10.)

Frazier contends that, due to TransUnion's actions, his mental health and credit score have suffered, and he has been denied credit. (*Id.* at 4, 11.) As relief, Frazier seeks $15,000 in damages and the deletion of the disputed accounts. (*Id.* at 4.)

## II.     STANDARD OF REVIEW

Because Frazier appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

**III.   DISCUSSION**

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[2]

---

[2] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry.  *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C. § 1681i(a)(1)(A).  To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate.  *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d

292, 297-98 (E.D. Pa. 2021).  "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).  Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information."  15 U.S.C. § 1681i(a)(3)(A).

      Frazier presents several claims based on the alleged failures of TransUnion to fulfill its responsibilities under § 1681e(b) and § 1681i(a) of the FCRA.  (*See* Compl. at 11-15.)  Specifically, he contends that TransUnion: failed to follow reasonable procedures to assure maximum possible accuracy of credit reports it prepared concerning Frazier, in violation of § 1681e(b); failed to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, in violation of § 1681i(a)(1); failed to comply with the reinvestigation requirements of § 1681i(a)(2)(A) by "failing to provide third parties with all relevant information regarding" his disputes; failed to review and consider all relevant information submitted by Frazier in violation of § 1681i(a)(4); violated § 1681i(a)(5)(A) by failing to promptly delete or modify the disputed items of information; and, violated § 1681i(a)(6)(A) by failing to provide written notice of the results of the reinvestigation no later than five business days after the completion of the reinvestigation.  (*Id.*)

      As noted above, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs*, 43 F.4th at 342-43; *Angino*, 784 F. App'x at 69.  The allegations of inaccuracies in Frazier's Complaint are undeveloped.  While Frazier alleges that he notified TransUnion of "inaccurate and/or incomplete information being

reported on his credit report," and that the Self-Financial, First Premier, First Progress, First Blaze, Rental Kharma, Credit Acceptance, Connexus Credit Union, and Capital One accounts "are not being reported accurately" as of January 18, 2024, (*see* Compl. at 3, 10), he does not identify the alleged inaccuracies. He has not clearly set forth facts describing what inaccurate information was included in his consumer report, nor alleged any facts about how the information was inaccurate. *See Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report); *Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that permitting proposed amended complaint would be futile where plaintiff failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report).

Furthermore, while Frazier cites to various sections of the FCRA and alleges that TransUnion failed to comply with the statutory requirements of § 1681e(b) and § 1681i(a), his allegations concerning TransUnion's actions, or lack thereof, are merely conclusory. *See* Compl. at 11-15; *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that

defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).  Accordingly, Frazier fails to allege a plausible claim for relief against TransUnion at this time.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss Frazier's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Frazier will be given leave to file an amended complaint in the event he can state a plausible basis for a claim against TransUnion.  An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

 */s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**